UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-8393 CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | EDMONS UNIQUE FURNITURE AND STONE GALLERY, INC. V. KG CONSTRUCTION SOLUTIONS USA, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:)** MOTION FOR DEFAULT JUDGMENT (Docket #10, filed February 1, 2013)

MOTION TO SET ASIDE DEFAULT RE: CLERKS ENTRY OF DEFAULT (Docket #14, filed March 11, 2013)

## I.   INTRODUCTION

Plaintiff filed the instant action in this Court on September 28, 2012, naming KG Construction Solutions USA, Inc., dba Elegant Fireplace Mantel ("Elegant"), and Eran Gurion ("Gurion") as defendants. Plaintiff's complaint asserts four claims for relief: (1) copyright infringement, (2) unjust enrichment, (3) a claim for violation of California Business and Professions Code § 17200 et seq. ("UCL"), and (4) a common law claim for unfair competition.

The clerk entered default against defendants on November 29, 2012, and on February 1, 2013, plaintiff filed a motion for entry of default judgment against defendants. On March 11, 2013, defendants filed a motion to set aside the clerk's entry of default. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff in this action designs, manufactures, and distributes decorative fireplace mantels. Complaint ("Comp.") ¶ 2. Plaintiff has registered many of its designs with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-8393 CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | EDMONS UNIQUE FURNITURE AND STONE GALLERY, INC. V. KG CONSTRUCTION SOLUTIONS USA, INC., ET AL | | |

copyright office.  Id. ¶¶ 2, 12 – 13.  Defendants Elegant and Gurion compete with plaintiff in its line of business.  Id. ¶ 3.

Plaintiff alleges that defendants have been advertising and distributing seven fireplace mantel designs that are either identical or substantially similar to seven of its copyrighted designs.  Id. ¶ 15.  Plaintiff claims that defendants had access to its mantel designs because they appear in catalogs distributed by plaintiff and also appear in plaintiff's showroom.  Id. ¶ 16.

On September 6, 2012, plaintiff sent defendants a letter demanding that they cease and desist from selling mantels that allegedly infringe on plaintiff's copyrighted designs.  Id. ¶ 17.  After receiving this letter, Gurion contacted plaintiff and asked whether he could meet with plaintiff's managers.  Gurion Decl. ¶¶ 5 – 6.  Gurion and an employee then met with one of plaintiff's employees to discuss the cease and desist letter.  Id. ¶ 6.  Based on their discussions, Gurion proposed to settle the lawsuit by selling Elegant to plaintiff, and invited plaintiff's employees to tour Elegant's showroom.  Id.  Subsequently, two of plaintiff's employees toured the showroom, but in a letter dated September 25, 2012, plaintiff notified Gurion that there was no interest in purchasing the business.  Id.

After receiving this letter, Gurion called plaintiff's attorney to discuss a resolution of this dispute, and plaintiff's attorney responded that he would have to speak with his client prior to discussing a resolution.  Id. ¶ 9.  After this phone call, Gurion did not have further contact with plaintiff's attorney.

This lawsuit was filed shortly thereafter, on September 28, 2012.  On October 3, 2012, plaintiff delivered a copy of the summons and complaint to non-party Christina Dy ("Dy"), who is the receptionist at Elegant's Showroom.  The process server who delivered the summons and complaint reports that Dy informed him that Gurion – who was Elegant's registered agent for service of process in October 2012 – was not available.  Quintana Decl. Exs. 15 – 16; Gurion Decl. ¶ 10.  Gurion claims that in October 2012, he did not know service of the complaint had been attempted, and does not recall having ever received a copy of the summons and complaint.  Gurion Decl. ¶¶ 15, 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-8393 CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | EDMONS UNIQUE FURNITURE AND STONE GALLERY, INC. V. KG CONSTRUCTION SOLUTIONS USA, INC., ET AL | | |

     Gurion explains that he first took steps to defend this action in late February 2013. On February 19, 2013, Gurion went to Elegant's office and found a copy of plaintiff's February 1, 2013 application for a default judgment. Gurion immediately sought counsel for himself and Elegant, and on February 22, 2013, Gurion and Elegant retained their present counsel.

### III.   LEGAL STANDARD

     Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." The Ninth Circuit has directed district courts to consider three factors when evaluating whether good cause exists for setting aside a default: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010); see also Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). These factors are disjunctive, which means that a district court may deny a motion to set aside a default if any factors are present. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F. 3d 922, 926 (9th Cir. 2004).

     Nonetheless, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. Such "extreme circumstances" should be present to justify denying a motion to set aside a default judgment. Mesle, 615 F.3d at 1091. Moreover, courts should apply the "good cause" standard liberally when considering whether to set aside a default judgment because the interest in preserving the finality of judgments is absent. Id. at 1091 n.1.

### IV.   ANALYSIS

     The Court reviews the three good cause factors to determine whether the default should be set aside. First, with respect to culpable conduct, the Court finds that defendants have not been culpable in failing to appear in the lawsuit earlier. Defendants have submitted evidence that they had no notice of this lawsuit until February 2013, when they first filed pleadings in this case, and therefore the Court cannot that defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-8393 CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | EDMONS UNIQUE FURNITURE AND STONE GALLERY, INC. V. KG CONSTRUCTION SOLUTIONS USA, INC., ET AL | | |

were culpable in failing to answer sooner. Mesle, 614 F.3d at 1092 ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.").

Second, with respect to whether defendant has a meritorious defense, the Court finds that defendant has alleged "sufficient facts that, if true, would constitute a defense." Mesle, 615 F.3d at 1094. In their moving papers, defendants have alleged that plaintiff does not own a copyright to the designs alleged in its complaint because they are not original, and in support of this argument, defendants allege that other authors had created and published the designs prior to plaintiff. These allegations, if true, would support a defense to copyright infringement, and therefore the second factor weighs in favor of setting aside a default.

Third, with respect to prejudice, the Court finds that this factor also weighs in favor of setting aside the default. Plaintiff argues that delay has occurred due to defendant's non-appearance and that it has spent attorney's fees pursuing a default judgment, but these considerations are present whenever a default has occurred and are not compelling. Additionally, plaintiff contends that there is a risk that evidence has been lost and assets have been hidden because defendants have sold some or all of the business at issue in this case. See Franchise Holding II, LLC 375 F.3d at 926; Thompson v. American Home Assur. Co., 95 F.3d 429, 434 (6th Cir. 1996). Plaintiff's arguments are speculative, however, and do not set out "extreme circumstances" that would provide the Court with grounds for setting aside a default judgment.

Because all three factors favor defendants, the Court finds that the default should be set aside.

## V.     CONCLUSION

In accordance with the foregoing, defendants' motion to set aside the default is hereby GRANTED, and plaintiff's motion for default judgment is DENIED.

IT IS SO ORDERED.

|   | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |